IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SCOTT EFFERSON, on behalf of himself and all similarly situated individuals, | ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | _____ |
| v.) | ) ) | JURY TRIAL DEMANDED |
| DEXIS, LLC, | ) ) ) | COLLECTIVE CERTIFICATION SOUGHT |
| Defendant. | ) ) | |

## COMPAINT FOR DAMAGES

COMES NOW Plaintiff Scott Efferson (hereinafter "Plaintiff") on behalf of himself and all similarly situated individuals, and files this lawsuit against Defendant Dexis, LLC (hereinafter "Defendant"), and shows the following:

## I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein. Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. (hereinafter "FLSA") during Plaintiff's employment with Defendant (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant is a Delaware Corporation, and has a principal place of business at 6095 Parkland Blvd., Suite 310, Mayfield Heights, Ohio, 44124. However, Defendant continuously and systematically transacts business in the state of Georgia. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

### III. <u>Parties</u>

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff has worked for the Defendant as a Pre-Sales Representative since September 2008.

7.

Plaintiff is an "employee" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendant.

8.

Plaintiff performed non-exempt labor for the Defendant within the last three years.

9.

Defendant employed the named Plaintiff during the relevant time period.

10.

During the relevant time period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

13.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §204 and §207.

## IV. COLLECTIVE ACTION ALLEGATIONS

14.

Plaintiff brings Count I of this Complaint on behalf of himself and other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or have been employed by Defendant as "Pre-Sales Representatives" during the last three years, and whose primary job duties include inside pre-sales (i.e. generating leads by making cold calls to dental offices within an assigned territory, and scheduling sales appointments for outside sales representatives to meet with dental offices) (hereinafter "the Collective Class").

15.

During the relevant time period, Plaintiff and the Collective Class routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for all overtime hours worked while performing the duties of a Pre-Sales Representative.

16.

Defendant was aware that the Plaintiff and the Collective Class were working more than forty (40) hours in a workweek.

17.

Several members of the Collective Class complained about Defendant's failure to pay overtime for all hours worked over forty (40) hours in a workweek.

18.

In or around January 2011, Defendant reclassified Plaintiff and the Collective Class as hourly employees.

19.

Defendant held a meeting with Plaintiff and the Collective Class to discuss the reclassification. During that meeting management explained that Plaintiff and the Collective Class was reclassified because they performed non-exempt work.

20.

Plaintiff and the Collective Class were paid commissions, bonuses, and contest money. This incentive compensation was based on a quota system. Specifically, when Plaintiff and the Collective Class met the quota by scheduling a certain number of sales appointments for the outside sales representatives, they earned one-hundred percent commission on the sales made during those appointments. However, if Plaintiff and the Collective Class did not meet quota, they only earned twenty-five percent commission on the sales made during the appointments that they scheduled.

21.

In order to meet the quotas, which were determined by Mr. T.J. Healy, Pre-Sales Manager, Plaintiff and the Collective Class worked longer hours.

22.

On multiple occasions, typically during the final quarter, Mr. Healy required Plaintiff and the Collective Class to work more than forty (40) hours in a workweek in order to increase sales.

23.

During the relevant time period, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

24.

Specifically, before the reclassification, management automatically entered forty hours of work for every workweek on behalf of Plaintiff and the Collective Class.

25.

Pre-Sales Representatives are entitled to overtime pay for their hours over forty (40). Defendant's practices violate the provisions of FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207. As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## V.  **Violation of the Overtime Wage Requirement of the**
## **Fair Labor Standards Act.**

26.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

27.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours per workweek.

28.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

29.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than forty (40) hours per workweek without overtime compensation.

30.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

31.

Defendant knew, or showed reckless disregard for the fact, that they failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

32.

As the direct and proximate result of Defendant's unlawful conduct, Plaintiff and the Collective Class have suffered and will continue to suffer a loss of income

and other damages. Plaintiff and the Collective Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)    Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)    Grant conditional certification and provide notice of this action to all similarly situated individuals as soon as possible;

(E)    Grant leave to add state law claims if necessary; and

(F)    Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 16th day of March, 2012.

**BARRETT & FARAHANY, LLP**


s/Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135


1100 Peachtree Street, N.E.
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile